UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| RENE DAVID HERNANDEZ, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:18-CV-129 |
| | ) | 3:13-CR-014 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Before the Court is Rene David Hernandez's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 140].[1] The United States has responded in opposition [Docs. 5 & 11; Crim Docs. 144 & 159]. Petitioner has filed a Reply [Doc. 9; Crim. Doc. 148] and has also filed a motion to take judicial notice [Doc. 12], which is currently pending before the Court. For the reasons below, both Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 140] and his motion to take judicial notice [Doc. 12] will be **DENIED**.

I.  BACKGROUND

In February 2015, Petitioner and three co-defendants were charged in a two-count indictment pertaining to conspiracy to distribute 50 grams or more of methamphetamine

---

[1] Document numbers not otherwise specified refer to the civil docket.

from February 2012 through January 2013. [Crim. Doc. 1]. Petitioner was named in one count. [*See id.*].

On March 11, 2013, Petitioner entered into a plea agreement with the government. [Crim. Doc. 24]. Petitioner agreed to plead guilty to one count of Conspiracy to Distribute at Least 50 Grams of Methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). [*See id.*] The plea agreement was signed by Petitioner and attorney Eric Lutton.

In his plea agreement, Petitioner acknowledged that beginning in February 2012, and continuing through January 2013, in the Eastern District of Tennessee and elsewhere, Petitioner and co-defendants conspired with each other to distribute at least 50 grams of methamphetamine. Petitioner and co-defendant, who were both welders, first met each other through welding work. Their relationship, however, subsequently enlarged to include drug trafficking between California and Tennessee. Petitioner would use the United States mail to ship packages containing methamphetamine and marijuana from California to co-defendants in the Eastern District of Tennessee. Once received, the drugs would then be broken down and sold to others in exchange for cash. The cash was then packaged and shipped back to Petitioner through the United States mail.

On or about January 18, 2013, co-defendant received, via a controlled delivery, a package from Petitioner. Co-defendant then took the package to another co-defendant's residence where all co-defendants opened the package, and the drugs were distributed among themselves. Co-defendant kept the marijuana while the two other co-defendants left with the methamphetamine. Shortly thereafter, agents confronted co-defendant, and he told

2

the agents that the other two codefendants had approximately eight (8) ounces of methamphetamine with them. Law enforcement subsequently stopped co-defendants and retrieved the methamphetamine. The DEA laboratory analyzed this methamphetamine and it was shown to be 99.9% pure. Co-defendant, under direction from the agents, placed a recorded call to Petitioner. During the call, Petitioner acknowledged mailing the package to the co-defendants in the Eastern District of Tennessee. Petitioner shall be held accountable for conspiring to distribute at least 150 grams but less than 500 grams of methamphetamine, resulting in a base offense level of 34. *Id*. at 2-3.

The United States filed an Information to Establish Prior Conviction on March 26, 2013, wherein the United States gave notice to Petitioner that the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(A) apply to Count One of the indictment due to Petitioner's prior felony drug convictions and listed three convictions out of California for possessions of marijuana and possession of controlled substance with prior controlled substance conviction. [Crim. Doc. 53]. The Court conducted a change of plea hearing on April 1, 2013. Although there is no transcript of that hearing in the record, the minutes from the hearing indicate that Petitioner was arraigned and specifically advised of his rights, that his motion to change plea to guilty was granted, that he waived the reading of the Indictment, that he pled guilty to Count 1 of the Indictment, that Petitioner was referred for a Presentence Investigative Report ("PSR"), and that he was to remain on bond until his sentencing hearing. [Crim. Doc. 62].

The PSR calculated a total offense level of 34 and a criminal history category of VI, resulting in a guideline range of 262 to 327 months. [Crim. Doc. 108, ¶ 64]. However, the

3

statutorily required minimum sentence was mandatory Life without release, which was greater than the maximum of the applicable guideline range, so the guideline term of imprisonment was Life pursuant to U.S.S.G. § 5G1.1(b). [*Id.*].

The government filed a notice of no objections to the PSR. [Crim. Doc. 79]. The government also filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and requested the Court to depart from Petitioner's guideline sentence to a term of 270 months, 25 % below the low end of Petitioner's guideline range. [Crim. Doc. 89].

Petitioner, through counsel, also filed a notice of no objections to the PSR. [Crim. Doc. 82]. Petitioner, through counsel, filed a sentencing memorandum, requesting the Court grant the United States' motion for downward departure, and sentence Petitioner to a period of less than the 270 months requested by the Government. [Crim. Doc. 102].

On August 5, 2013, the Court sentenced Petitioner to a total of 270 months' imprisonment and then ten years of supervised release. [Crim. Doc. 115]. Petitioner did not file a direct appeal, but on March 26, 2018, he filed this § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or

4

(3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court

must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner raises only one claim in this § 2255 motion: 1) ineffective assistance of counsel for failing to object to the United States' use of Petitioner's prior § 11378 convictions for drug possession in California. The Court will first address Petitioner's motion to take judicial notice [Doc. 12], and then will address his § 2255 motion.

#### A. Motion to Take Judicial Notice

Petitioner requests the Court take judicial notice of a Ninth Circuit case which he seems to contend is relevant to his § 2255 motion. [Doc. 12]. Specifically, he requests the Court to "use this information in the consideration of his motion" and take notice of the Ninth's Circuit's declaration "that the California Health and Safety Code definition of methamphetamine is broader than the federal definition, thus California offenses involving methamphetamine are not a 'categorical approach' match for the purpose of using them for

a career offender sentencing enhancement." [Doc. 12]; *United States v. Rodriguez-Gamboa,* 946 F.3d 548, 549 (9th Cir. 2019).[2]

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." Fed. R. Evid. 201(b). "This rule governs only judicial notice of adjudicative facts." Fed. R. Evid. 201(a). Petitioner, however, is actually asking the Court to take Judicial Notice of a legal conclusion rendered by the Ninth Circuit in a previous case regarding the definition of methamphetamine which was withdrawn by the Ninth Circuit and replaced with a non-precedential memorandum disposition. *Rodriguez-Gamboa*, 946 F.3d at 549-50 (quoting *Lorenzo v. Sessions*, 902 F.3d 930, 932-38 (9th Cir. 2018)). The Ninth Circuit specifically remanded the *Rodriquez-Gamboa* case for an evidentiary hearing to resolve the factual dispute underlying whether the California definition of methamphetamine is actually broader than the federal definition. *Id*. at 553.[3] Moreover, the Ninth Circuit decision does not address the prior criminal record of a career defendant such

---

[2] Petitioner is mistaken in his claim that this case concluded that the California definition of methamphetamine was broader than the federal definition and did not qualify as a controlled substance offense.

[3] After an evidentiary hearing, the Central District of California concluded that while the California statute is facially broader than its federal counterpart, "there is no realistic probability of punishment for possession of geometric isomers of methamphetamine under state law (or at all)." *United States v. Gamboa*, 454 F. Supp. 3d 932, 938–39 (C.D. Cal. 2020). After the evidentiary hearing, the Ninth Circuit took up the case again and concluded that there is a categorical match to the federal statute as there is no realistic probability that California's methamphetamine statute will be used to prosecute someone in connection with geometric isomers of methamphetamine which do not exist. *United States v. Rodriguez-Gamboa*, 972 F.3d 1148, 1153-54 (9th Cir. 2020).

7

as Petitioner, but rather, addresses the prior criminal record of a defendant who has illegally reentered the United States.

Petitioner is not simply asking the Court to take judicial notice of the Ninth Circuit case, a case outside the territorial jurisdiction of this Court, but rather, he is asking the Court to apply that case to his two prior felony convictions found by a court in California. This Court is bound by Sixth Circuit precedent and the decisions of the United States Supreme Court. *See generally, Barnett v. Clark,* 2008 WL 189856 (E. D. Tenn. Jan. 22, 2008) (discussing that court was bound by Sixth Circuit precedent), *United States v. Vann,* 199 Fed.Appx. 527, 529 (6th Cir. 2006), *available in* 2006 WL 2927417, *2 (general discussion that Sixth Circuit is bound by its precedents and Supreme Court decisions)

Accordingly, since Petitioner is not requesting the Court to take Judicial Notice of an adjudicative fact that is not subject to reasonable dispute, Rule 201 of the Federal Rules of Evidence is not applicable and the motion [Doc. 12] will be **DENIED**. Nevertheless, even though the Court is not bound by the Ninth Circuit case which initially does not appear to be applicable to the resolution of Petitioner's § 2255 motion, the Court will consider the Ninth Circuit case when analyzing his § 2255 motion.

### B. Ineffective Assistance of Counsel Claim

#### a. Timeliness

As a preliminary matter, the Government asserts that Petitioner's motion is untimely as the one-year period of limitations applies to Petitioner's motion. [Doc. 5]. Under 28 U.S.C. § 2255, Petitioner's limitation period runs from the latest of four dates – 1) the date when the judgment of conviction is finalized, 2) the date an impediment by government

action is removed if applicable, 3) the date the asserted right was initially recognized by the Supreme Court or the date when a newly recognized right is made retroactively applicable, and 4) the date when the facts surrounding the claim(s) could have been discovered through due diligence. Here, Petitioner does not assert a newly recognized right, nor does he assert any impediment by government action keeping him from timely filing this § 2255 motion. Therefore, the appropriate limitations date is the later date of when Petitioner's judgment became final or when the facts supporting the claim could have been discovered.

Petitioner's claims are based on facts surrounding the application of Petitioner's prior convictions in determining whether Petitioner was subject to the career offender enhancement. These are facts which could have been discovered prior to Petitioner's sentencing hearing in August 2013 through the exercise of due diligence. Petitioner's judgment became final August 21, 2013, and thus, as the latter of the two dates, is the date the Court will use in determining timeliness of the motion. As Petitioner filed the instant motion March 26, 2018, almost four years beyond the period of limitations provided in 28 U.S.C. § 2255(f)(1), his motion is untimely, absent the applicability of equitable tolling.

Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The AEDPA limitations period may be subject to equitable tolling if the movant shows that (1) extraordinary circumstances beyond his control made timely

9

filing of a federal habeas petition impossible and (2) the movant has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts," *Robertson*, 624 F.3d at 784, and the movant bears the burden of showing that equitable tolling is appropriate. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

To demonstrate that he is entitled to equitable tolling, Petitioner must establish that he has pursued his rights diligently and that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649. Petitioner has not attempted to show that any extraordinary circumstance existed or prevented him from timely raising the claims contained in his § 2255 motion or that he had been pursuing his rights diligently. Because Petitioner has not established he was unable to timely file his § 2255 motion to vacate due to extraordinary circumstances beyond his control, the Court need not address the diligence prong of the equitable tolling test.

Petitioner argues that "actual innocence" offers a gateway for him to obtain review of constitutional claims even after the statute of limitations has expired, citing to *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). A petitioner can substantiate a claim of actual innocence by showing that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Phillips v. United States*, 734 F.3d 573, 582 (6th Cir. 2013) (internal quotations omitted). Petitioner has not cited to any evidence to support his claim or even come close to establishing actual, factual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). *See also Schlup v. Delo*, 513 U.S. 298, 324 (1995) (finding "claims of actual innocence are rarely

10

successful"). Petitioner does not claim he is innocent of the offense for which he pled guilty, nor does he even claim that he is innocent of the prior California convictions in question. [Docs. 1 & 9]. Thus, Petitioner has not established grounds for equitable tolling.

Under the circumstances at hand, equitable tolling does not apply. Thus, Petitioner's claim [Doc. 1; Crim. Doc. 140] will be **DENIED** as time-barred. As such, the Court finds that it is unnecessary to address the merits of the allegations raised therein.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 140] will be **DENIED** and **DISMISSED**, and Petitioner's motion to take judicial notice [Doc. 12] will be **DENIED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

Having examined Petitioner's claims under the *Slack* standard, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

11

Case 3:13-cr-00014-RLJ-HBG Document 213 Filed 03/24/21 Page 11 of 12 PageID #: 1005

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge